OPINION OF THE COURT
Elrich A. Eastman, J.
This is a delinquency petition alleging the commission of acts by the respondent which, if committed by an adult, would constitute the crimes set forth in sections 220.31 and 220.16 of the Penal Law relating to the sale and possession of a controlled substance. Respondent appeared in Intake A on June 13, 1981, and was paroled for trial on July 20, 1981, Part I. On July 17, 1981, respondent filed an omnibus motion for pretrial discovery, some 45 days after the commencement of this proceeding.
Under rules promulgated as “Standards and Goals” for the New York State Courts, the Administrative Board of the Judicial Conference on July 3, 1975 and revised in February, 1979, established, inter alia, a 20-day limit for all pretrial motions and applications, after which such motions and applications shall be deemed waived, except those of a jurisdictional nature.
*834 Under CPL 240.90 and CPL 255.20 such pretrial motions are made within 45 days of arraignment. Respondent contends that established practice of the Family Court has been to invoke the CPL time limit on such motions, and the “Standards and Goals” rule is inapplicable. Petitioner contends that the Office of Court Administration rule is applicable, notice of the same having been given to all supervising personnel including the Corporation Counsel and the Legal Aid Society.
At issue is whether this motion has been waived by reason of untimeliness under the time limitation of the Office of Court Administration Rules.
The original concept of the juvenile court system was to provide a benevolent and less formal means than criminal courts could provide for dealing with the special and often sensitive problems of youthful offenders. (Matter of Winship, 397 US 358.) Notwithstanding the uniqueness of the juvenile court, constitutional principles of due process and fair treatment have become a part of the procedure accorded to juveniles. (Matter of Gault, 387 US 1; Kent v United States, 383 US 541; McKeiver v Pennsylvania, 403 US 528.)
In People ex rel. Wayburn v Schupf (39 NY2d 682, 689), the Court of Appeals opined thusly: “Whatever may be the articulated explanation or however persuasive one assigned reason may appear in comparison with another, it cannot be denied that society, the Legislature and the courts all recognize that, while the individual rights of children as well as of adults are entitled to constitutional protection, there are significant, even compelling, differences between children and adults which permit different procedures with respect to criminal behavior without denial of constitutional equal protection or due process” (Emphasis added; citations omitted.) Underscoring this fact is the court’s recognition that the Code of Criminal Procedure does not govern Family Court procedure. (Matter of D., 27 NY2d 90.)
In accordance with section 211 of the Judiciary Law, “[t]he chief judge, after consultation with the administrative board, shall establish standards and administrative *835 policies for general application to the unified court system throughout the state, including but not limited to standards and administrative policies relating to: * * * (b) The adoption, amendment, recission and implementation of rules and orders regulating practice and procedure in the courts, subject to the reserved power of the legislature provided for in section thirty of article six of the constitution.” Section 30 of article VI of the Constitution of the State of New York, states: “The legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and in equity that it has heretofore exercised. The legislature may, on such terms as it shall provide and subject to subsequent modification, delegate, in whole or in part, to a court, including the appellate division of the supreme court, or to the chief administrator of the courts, any power possessed by the legislature to regulate practice and procedure in the courts. The chief administrator of the courts shall exercise any such power delegated to him with the advice and consent of the Administrative Board of the courts. Nothing herein contained shall prevent the adoption of regulations by individual courts consistent with the general practice and procedure as provided by a statute or general rules.”
In accord with this authority, on July 31, 1975, the Administrative Board of the Judicial Conference adopted methods for the timely completion of fact finding in Family Court proceedings, which was subsequently revised in February, 1979. Among the procedural restrictions established to comply with the standards set therein was the completion of pretrial motions and applications within 20 days after commencement of the proceeding.
Although the Family Court Act does not specify time limits applicable to the filing of pretrial motions, it distinctly prescribes the applicable methods of procedure to be followed in Family Court proceedings. Subdivision (a) of section 165 of the Family Court Act states: “Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrativa; board of the judicial conference, or if none has been adopted, with the provisions of the civil practice *836 act to the extent they are suitable to the proceeding involved. Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent they are appropriate to the proceedings involved.” (Emphasis added.)
Further sanction for the promulgation of rules by the Administrative Board of the Judicial Conference is found in subdivision (a) of section 212 of the Family Court Act, which states: “The administrative board of the judicial conference shall prepare rules of court where required by this act and may prepare rules of court when authorized by this act. To the extent practicable, any rule of court prepared under this act shall apply uniformly throughout the state of New York.”
Clearly, therefore, the Family Court Act specifically prescribes the use of such procedural rules established by the Administrative Board of the Judicial Conference for the effective management of this court system.
No requirement for filing rules so promulgated by the Administrative Board with the Department of State exists since the Family Court is not within the context of section 8 of article IV of the Constitution of the State of New York. Pursuant thereto, filing of rules is required where promulgated “by any state department, board, bureau, officer, authority or commission, except such as relates to the orgainzation or internal management of a state department, board, bureau, authority or commission”. The judiciary is an independant branch of government.
Moreover, neither party herein alleges lack of notice of the 20-day limit. In fact, both parties admit to receiving due notice of the procedure. This court finds that nothing in this procedural rule offends the notion of fundamental fairness nor deprives the respondent of the essentials of due process so as to render it inapplicable.
Accordingly, the motion for the pretrial discovery is dismissed as having been waived under the rules by reason of its untimely filing without good cause shown therefor.
*837 The matter is set down for trial on October 2,1981, Part I.